IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD P. KAPLAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CARLA GARRISON,<br><br>　　　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-1915 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

Richard P. Kaplan, Plaintiff Pro Se
#28621-050
FCI Otisville – MED
PO Box 1000
Otisville, NY 10963

**SIMANDLE, Chief District Judge:**

I.　　INTRODUCTION

　　Plaintiff Richard P. Kaplan seeks to bring a civil rights complaint pursuant to the New Jersey State Tort Claims Act ("NJTCA"), N.J. STAT. ANN. § 59:1-1 et seq. (Docket Entry 1). By Order dated March 23, 2015, this Court administratively terminated Plaintiff's complaint. (Docket Entry 2). Plaintiff resubmitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (Docket Entry 3), and this Court granted the application and filed the complaint on May y, 2015.

　　At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will dismiss the complaint for lack of jurisdiction.

**I. BACKGROUND**

Petitioner is a federal prisoner presently detained at FCI Otisville, New York. He alleges Defendant Carla Garrison ("Defendant") conspired with her sister Margherita Pitale to deprive him of assets during his divorce from Ms. Pitale. He also asserts Defendant conspired with Ms. Pitale and various government agents to set up Plaintiff on criminal charges.[1] (Docket Entry 1 at 1).  The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff states that Defendant conspired with her sister, New Jersey Governor Christopher Christie, New Brunswick Mayor James Cahill, and other political figures to fraudulently incriminate him on the criminal charges to which he pled guilty,

---

[1] Plaintiff pled guilty in 2007 to violating 18 U.S.C. § 666 for accepting cash payments and other services in exchange for official action, and to murder for hire in 2008 for attempting to hire an undercover officer through an inmate informant to murder Ms. Pitale. See *Kaplan v. Holder, et al.*, 2015 WL 1268203, *1 (D.N.J. Mar. 18, 2015).

2

specifically by concealing evidence and receiving payments from the government for her efforts. (Docket Entry 1 at 2). He also claims Defendant knows of unspecified "illegal activity" committed by Governor Christie and FBI agent James Cahill, however she "refuse[d] to have them impeached." (Docket Entry 1 at 2). He also states Defendant had conversations with the informant and helped him frame Plaintiff for the attempted murder of her sister. (Docket Entry 1 at 2).

In addition to conspiring with the government to keep Plaintiff confined, Defendant purportedly assisted Ms. Pitale in concealing marital assets during her divorce from Plaintiff, helped Ms. Pitale spend P.A.C. funds, and fraudulently informed law enforcement that Ms. Pitale did not reside in New Jersey. (Docket Entry 1 at 2). Plaintiff asks this Court to grant him $150,000 in compensatory damages, $150,000 in punitive damages, order Defendant to return his assets, and arrest her for "political corruption and lying about [Plaintiff] committing a crime . . . ." (Docket Entry 1 at 3).

## II. Standard of Review

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental

employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

"A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981); *see also* Fed. R. Civ. Pro. 12(h)(3).  If jurisdiction is lacking, the court must dismiss the action, regardless of the stage of the litigation. *Trent Realty Assocs.*, 657 F.2d at 36.

### III. DISCUSSION

Plaintiff is bringing his claim under the NJTCA and asserts this Court has diversity jurisdiction. (Docket Entry 1 at 1). To establish diversity jurisdiction under 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v.*

4

*Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010).[2] In this regard, a plaintiff relying on diversity of citizenship as the asserted basis for federal jurisdiction "'must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states.'" *Gay v. Unipack, Inc.*, 2011 WL 5025116, *4 (D.N.J. Oct. 20, 2011) (citation omitted). Thus, the Court may properly dismiss a complaint for lack of subject matter jurisdiction in the absence of complete diversity—*i.e.*, where the plaintiff and any defendant are citizens of the same state. *Schneller*, 387 F. App'x at 292 (affirming district court's determination that it lacked diversity jurisdiction where plaintiff and eleven defendants were citizens of the same state).

"It is well-settled that, for purposes of diversity jurisdiction, citizenship means domicile, not residence. To acquire a domicile, a person must be physically present in a state *and* intend to remain in that state." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) (emphasis in original). The Third Circuit recently adopted the view of other circuit courts that

---

[2] Plaintiff has alleged $150,000 in damages, (Docket Entry 1 at 3), therefore the Court presumes he has satisfied the amount in controversy requirement.

5

"the domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Ibid.* The prisoner may rebut this presumption, however, by introducing facts that establish a "*bona fide* intent to remain in the state of incarceration on release." *Ibid.*

Plaintiff is presently incarcerated in New York. Prior to his incarceration, however, Plaintiff resided in New Jersey. In spite of being informed of the facts required to rebut the presumption of being domiciled in New Jersey in two previous lawsuits, *Kaplan v. Kaplan (Pitale)*, No. 13-1882 (D.N.J. Feb. 9, 2015); *Kaplan v. Vignuolo et al.*, No. 13-6154 (D.N.J. Aug. 20, 2014), Plaintiff has still made no showing of an intent to remain in New York State. He is therefore presumed to be a New Jersey citizen.

Although Plaintiff has not set forth direct evidence regarding Defendant's domicile, the Court infers from the face of the complaint that she is also a New Jersey resident. Plaintiff alleges Defendant conspired with the Governor of New Jersey, the Mayor of New Brunswick, New Jersey, and Plaintiff's ex-wife, a New Jersey resident. (Docket Entry 1 at 4, ¶ 5). Plaintiff further alleges that while Ms. Pitale was residing with Defendant, (Docket Entry 1 at 4, ¶ 4), law enforcement asked Defendant as to Ms. Pitale's location, at which time Defendant fraudulently stated Ms. Pitale did not reside in New

Jersey. (Docket Entry 1 at 4, ¶¶4-5). All of these facts suggest Defendant is domiciled in New Jersey. As both parties are domiciled in New Jersey, this Court lacks diversity jurisdiction in this matter.

There are also insufficient facts in the complaint to permit the Court to exercise federal question jurisdiction under 28 U.S.C. § 1331. Construing the complaint liberally in light of Plaintiff's pro se status, the complaint could be read as attempting to state a conspiracy claim under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[3] "To make out a conspiracy claim under § 1983, [Plaintiff] must show that 'persons acting under color of state law conspired to deprive him of a federally protected right." *Perano v. Twp. of Tilden*, 423 F. App'x 234, 239 (3d Cir. 2011) (quoting *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999)).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how

---

[3] Plaintiff's conspiracy claims encompass both federal and state actors. As the majority are state officials, however, the Court will refer to Plaintiff's action as a § 1983 claim. The same legal principles apply to *Bivens* and § 1983 claims. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) ("A *Bivens* action . . . is the federal equivalent of the § 1983 cause of action against state actors . . . .").

7

discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (internal quotation marks omitted). However, "the deed of an ostensibly private organization or individual" may be treated as state action if, and only if, "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)).

Plaintiff has not met this exacting standard. Although Plaintiff alleges Defendant, a private citizen, conspired with state officials to deprive Plaintiff of due process and his liberty, the complaint lacks any factual basis to conclude said conspiracy existed. The "Request for Admissions" annexed to his complaint demonstrates Plaintiff has no facts to support his allegations and instead asks Defendant to provide evidence of the conspiracy. (Docket Entry 1 at 4). Defendant's actions cannot be said to have been so closely intertwined with the state's that she may be deemed to be a "state actor" under § 1983. As such, there is no federal question enabling this Court to exercise jurisdiction under 28 U.S.C. § 1331.

As there is no federal subject matter jurisdiction, the complaint must be dismissed. The dismissal of the complaint is

without prejudice to Plaintiff's right refile his complaint in a court of competent jurisdiction, *i.e.*, the Superior Court of New Jersey, if he complies with the NJTCA requirements.

## IV. CONCLUSION

For the reasons stated above, the complaint is dismissed without prejudice. An appropriate order follows.


 **May 6, 2015**                                     **s/ Jerome B. Simandle**
Date                                                   JEROME B. SIMANDLE
                                                       Chief U.S. District Judge