IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD P. KAPLAN, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 15-1915 (JBS-JS) |
| CARLA GARRISON, | **OPINION** |
| Defendant. | |

APPEARANCES:

Richard P. Kaplan, Plaintiff Pro Se
#28621-050
FCI Otisville – MED
PO Box 1000
Otisville, NY 10963

**SIMANDLE, Chief District Judge:**

## I.  INTRODUCTION

Plaintiff Richard P. Kaplan has filed objections to this Court's dismissal of his civil rights complaint due to lack of federal subject matter jurisdiction, (Docket Entry 8), which the Court construes as a motion for reconsideration. Plaintiff has also filed a motion to amend his complaint to substitute William Garrison for Defendant Carla Garrison ("Defendant") due to her death, (Docket Entry 9). For the reasons set forth below, the Court will deny the motions.

## II. BACKGROUND

### A. Procedural History

Plaintiff is a federal prisoner presently detained at FCI Otisville, New York. On March 16, 2015, he filed a complaint against Carla Garrison pursuant to the New Jersey State Tort Claims Act ("NJTCA"), N.J. STAT. ANN. § 59:1-1 et seq. (Docket Entry 1). By Order dated March 23, 2015, this Court administratively terminated Plaintiff's complaint. (Docket Entry 2). Plaintiff resubmitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (Docket Entry 3), and this Court granted the application and filed the complaint on May 6, 2015. (Docket Entry 4).

In the course of screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court determined it lacked federal subject matter jurisdiction over the complaint. (Docket Entry 5). The Court dismissed the complaint for lack of jurisdiction on May 6, 2015. (Docket Entry 6). On May 21, 2015, Plaintiff submitted a notice of objection to the court's ruling and requested the Court reinstate his complaint. (Docket Entry 8). On June 25, 2015, Plaintiff filed a motion to amend his complaint in order to substitute William Garrison as the defendant in this action due to Defendant's June 2015 death. (Docket Entry 9).

## B. Factual Background

Plaintiff's original complaint alleged Defendant conspired
with her sister, Margherita Pitale, to deprive Plaintiff of
assets during his divorce from Ms. Pitale. (Docket Entry 1). He
further claimed Defendant's conspiracy with Ms. Pitale included
various government agents, including New Jersey Governor
Christopher Christie, New Brunswick Mayor James Cahill, and
other political figures, for the purpose of fraudulently
incriminating him on criminal charges on two occasions.[1] (Docket
Entry 1 at 1). This conspiracy included having conversations
with the government informant who helped Defendant and the
Government frame Plaintiff for the attempted murder of Ms.
Pitale. (Docket Entry 1 at 2). Plaintiff further alleged
Defendant knew of unspecified "illegal activity" committed by
Governor Christie and Mayor Cahill, however she "refuse[d] to
have them impeached." (Docket Entry 1 at 2). Plaintiff invoked
this Court's diversity jurisdiction, 28 U.S.C. § 1332. (Docket
Entry 1 at 1).

In screening the complaint pursuant to 28 U.S.C. §
1915(e)(2) (requiring district courts to screen all prisoner

---

[1] Plaintiff pled guilty in 2007 to violating 18 U.S.C. § 666 for
accepting cash payments and other services in exchange for
official action, and to murder for hire in 2008 for attempting
to hire an undercover officer through an inmate informant to
murder Ms. Pitale. *See Kaplan v. Holder, et al.*, No. 14-1740
(JEI), 2015 WL 1268203, *1 (D.N.J. Mar. 18, 2015).

cases proceeding *in forma pauperis* for *sua sponte* dismissal),
this Court concluded it lacked federal subject matter
jurisdiction as Plaintiff and Defendant were both domiciled in
New Jersey. (Docket Entry 5 at 5-7). In light of Plaintiff's *pro
se* status, the Court additionally reviewed the complaint to see
if jurisdiction could be exercised under 28 U.S.C. § 1331. The
Court read the complaint as attempting to state a conspiracy
claim under 42 U.S.C. § 1983. (Docket Entry 5 at 7-9). The Court
concluded it could not exercise federal question jurisdiction as
Defendant was not a "state actor" within the meaning of § 1983,
and there was no factual basis to conclude a conspiracy existed
between Defendant and the state actors such that her private
conduct could be considered "state action." (Docket Entry 5 at
7-9). Lacking jurisdiction under either § 1331 or § 1332, the
Court was required to dismiss the complaint. (Docket Entry 6).

Plaintiff filed an objection to the Court's dismissal and
requested reinstatement of his complaint. (Docket Entry 8). In
his motion papers, Plaintiff argues this Court has federal
question jurisdiction, 28 U.S.C. § 1331, as he is asserting a
claim of conspiracy under 42 U.S.C. § 1985(3).[2] (Docket Entry 8).
He asks this Court to exercise supplemental jurisdiction over
his NJTCA claim. (Docket Entry 8 at 3).

---

[2] Plaintiff specifically rejected reliance on § 1983. (Docket
Entry 8 at 3).

Shortly after filing his objections to the Court's order, Plaintiff filed a motion to amend his complaint in order to substitute William Garrison as the defendant in this action as Defendant passed away in June 2015. (Docket Entry 9). He asserted that Mr. Garrison "was also involved in the Civil Conspiracy/Fraudulent Concealment of Documents – Fraud Upon the Cout [sic] – Jointly with Margherita A. Pitale and Carla Garrison, but now since she has passed away the AMENDED Defendant's [sic] is responsible for Mr. Kaplan's False Imprisonment/Loss of Assets etc." (Docket Entry 9).

## III. Standard of Review

The Court construes Plaintiff's "objections" to the Court's May 6, 2015 Order as a motion for reconsideration under Local Civil Rule 7.1(i). That Rule allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92,

93 (D.N.J. 1993). To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).

Plaintiff also seeks to amend his complaint to substitute Mr. Garrison for his late wife. (Docket Entry 9). A court should give leave for a plaintiff to amend his pleading "when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Am. Corporate Soc'y v. Valley Forge Ins. Co.*, 424 F. App'x 86, 90 (3d Cir. 2011) (internal citations omitted). An amended complaint is futile if it could not surmount the

standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

## IV. DISCUSSION

### A. Motion for Reconsideration

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff does not argue that the sole count of the original complaint should have been construed as a civil conspiracy claim under § 1985 instead of as a NJTCA claim; rather, he asserts the complaint raises a federal question under § 1985 *in addition to* his NJTCA claims. (Docket Entry 8 at 2-3). This assertion is belied by the fact that in the "Jurisdiction" section of his original complaint, Plaintiff stated: "This Civil Action is filed under the New Jersey State Law Tort Claim Act, which gives this Court Jurisdiction." (Docket Entry 1 at 1).

It is clear from the face of the complaint that Plaintiff only intended to pursue a state law claim as he specifically invoked this Court's diversity jurisdiction.[3] As Plaintiff's §

---

[3] Plaintiff appears to concede this point as his motion states "Mr. Kaplan filed his Claim in Pursuant to 'New Jersey State Tort Claim' against defendant, in which he has ask [sic] the

1985 claim was not presented to the Court in the original complaint, it cannot be said that the Court "overlooked" it. *See United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). ("[A] judge can only overlook matters as to facts and legal arguments which were appropriately presented to the court at the time the motion for which reconsideration is sought was initially decided.").

Motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001); *see also Mauro v. New Jersey Supreme Court, Case No. 56,900*, 238 F. App'x 791, 793 (3d Cir. 2007). Thus, Plaintiff may not add a new cause of action in a motion for reconsideration. *See Jones*, 158 F.R.D. at 314 (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)); *see also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). The Court could deny the motion for that reason alone, however in light of Plaintiff's pro se status, the Court will construe the motion as arguing that the Court's failure to analyze the complaint under § 1985 constituted a clear error of law or fact, and failure to permit Plaintiff's §

---

U.S. District Court to Take Jurisdiction over State Law Claims." (Docket Entry 8 at 3).

1985 claim to proceed would result in manifest injustice. *See U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014).

To properly allege a civil rights conspiracy under § 1985(3), Plaintiff must allege the existence of:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Kirkland v. DiLeo,* 581 F. App'x. 111, 118 (3d Cir. 2014) (quoting *Farber v. City of Paterson,* 440 F.3d 131, 134 (3d Cir. 2006)). "Despite its application to private conspiracies, § 1985(3) was not intended to provide a federal remedy for 'all tortious, conspiratorial interferences with the rights of others,' or to be a 'general federal tort law.'" *Farber*, 440 F.3d at 135 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971)). In order to properly plead a conspiracy under § 1985, a plaintiff must allege facts that plausibly suggest "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin,* 403 U.S. at 102; *see also Farber*, 440 F.3d at 135. "[A] plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the

discrimination against the identifiable class was invidious." *Farber*, 440 F.3d at 135.

As the Court noted in its May 6, 2015 Opinion, the complaint lacks any facts that plausibly suggest any conspiracy existed. The "Request for Admissions" annexed to the complaint demonstrate Plaintiff has no facts to support his allegations and instead is relying on Defendant to provide evidence of the conspiracy. For example, Plaintiff wants Defendant to answer: "Who exactly did you speak to as far as Law Enforcement in assisting setting [u]p Richard? Was it FBI Edward Quinn, Governor Christopher Christie, Mayor James Cahill? Who was it?" ; "Did you and Margherita use P.A.C. [f]unds [i]llegally? What did you purchase with them? Didn't you know that using those P.A.C. funds were [i]llegal?"; "Prior before Margherit'a [sic] [d]ivorce did Margherita [t]ransfer [m]oney to your [b]ank [a]ccount so that Richard would not receive any of it during the divorce??" (Docket Entry 1 at 4-5). These questions along with the others suggest Plaintiff has nothing beyond conjecture that there was a conspiracy. Moreover, nothing in the complaint suggests there was a class-based motivation for the alleged conspiracy. Thus, there is no factual basis on the face of the complaint to conclude a conspiracy even existed, let alone a conspiracy motivated by discriminatory animus against a class of

persons. Plaintiff has failed to sufficiently plead a cause of action pursuant to § 1985(3).

As Plaintiff's complaint failed to set forth a claim under § 1985, it cannot have been error for the Court not to construe the complaint as having been brought pursuant to § 1985 and there is no injustice in not permitting the complaint to proceed. Plaintiff's motion for reconsideration is denied.

**B. Motion to Amend**

Plaintiff has also submitted a motion to amend the complaint to substitute Mr. Garrison for his late wife. (Docket Entry 9). As the Court finds that amendment would be futile, the motion shall be denied.

Plaintiff asserts for the first time that Mr. Garrison was also a member of the conspiracy against him. He alleges Mr. Garrison "knew about the City of New Brunswick and the FBI setting Mr. Kaplan up on both cases" and assisted Ms. Pitale and Mrs. Garrison in falsely incriminating Plaintiff in exchange for unspecified promises and political favors from Mayor Cahill and Governor Christie. (Docket Entry 9 at 5). He alleges Mr. Garrison lied to the courts in order to help Ms. Pitale take Plaintiff's assets upon his arrest and incarceration. (Docket Entry 9 at 5).

Plaintiff's proposed amended complaint, like the original complaint, is devoid of any facts that would permit this Court

11

to reasonably infer Mr. Garrison conspired with anyone to violate Plaintiff's rights contrary to 42 U.S.C. § 1985(3). The proposed amended complaint only contains conjecture and conclusory statements, stating that "now that [Mr. Garrison's] wife has passed away, both [Mr. Garrison] and Margherita A. Pitale, will be mentally suffering from guilt [for] setting Mr. Kaplan up, and once they are both brought before the court and sworn under oath the truth will come out . . . ." (Docket Entry 9 at 6). Even if Plaintiff had alleged facts that would support a plausible inference of a conspiracy, he has not alleged facts that would support an inference that the conspiracy was motivated by discriminatory animus against a class of persons as required by § 1985(3). Plaintiff's proposed amended complaint fails to set forth a valid federal claim, and therefore it would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). For this reasons, the Court finds amendment of the complaint would be futile.[4] The motion to amend the complaint is denied, and the Court declines to exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(a).

---

[4] To the extent Plaintiff seeks to amend his complaint in order to take advantage of Mr. Garrison's grief over the death of his wife, (Docket Entry 9 at 6), the Court denies leave to amend as being in bad faith.

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration, (Docket Entry 8), and motion to amend the complaint, (Docket Entry 9), are denied. An appropriate order follows.


**August 31, 2015**                              **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 Chief U.S. District Judge

13